UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY DORSEY,

    Plaintiff,

v.                                             Case No. 8:20-cv-1173-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.  Procedural Background**

Plaintiff filed an application for a period of disability and DIB (Tr. 161-68). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 50-63, 66-81). Plaintiff then requested an administrative hearing (Tr. 99-100). Per Plaintiff's request, the ALJ held a hearing

---

[1] Kilolo Kijakazi is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kilolo Kijakazi should be substituted for Commissioner Andrew M. Saul as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

at which Plaintiff appeared and testified (Tr. 34-49). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 12-33). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.   Factual Background and the ALJ's Decision

Plaintiff, who was born in 1985, claimed disability beginning August 24, 2018 (Tr. 15, 27). Plaintiff has more than a high school education and currently is a full-time student working to obtain his bachelor's degree (Tr. 35-36, 47). Plaintiff's past relevant work experience included work as a plumber, an administrative clerk, and an appointment clerk (Tr. 27, 46-47). Plaintiff alleged disability due to spine injury, migraines, arthritis, and post-traumatic stress disorder (Tr. 51, 67).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through March 31, 2021 (Tr. 17). The ALJ found Plaintiff engaged in substantial gainful activity from August 24, 2018 through December 31, 2018 (Tr. 17). Despite this gainful activity, the ALJ concluded that there had been a continuous twelve-month period where Plaintiff did not engage in substantial gainful activity (Tr. 18).

After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: obesity, status post fusion at L4 to S1 levels with expected post-operative changes, headaches, status

post preexistent right ankle arthroscopic repair, and degenerative joint disease of the left hip (Tr. 18). The ALJ also determined Plaintiff's medically determinable impairments of post-traumatic stress disorder (PTSD), psychophysiological insomnia, adjustment disorder, depressive disorder, and anxiety disorders were non-severe (Tr. 19-20). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 20).

The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work except

> [H]e can occasionally climb, balance, stop, kneel, crouch and crawl; he can never climb, ladders scaffolds or ropes, or climb at open, unprotected heights; he can stand and walk about six hours total in an eight-hour workday, and he can sit about six hours in an eight-hour workday, considering the usual breaks; he must avoid extreme vibrations, loud noise environments, and extreme cold temperatures; he can frequently operate right foot controls; and he is limited to understanding and carrying out more than simple, routine, repetitive tasks, i.e., semi-skilled, but less than complex, skilled tasks

(Tr. 20). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 21-27).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform his past relevant work as an appointment clerk (Tr. 27). Alternatively, the ALJ found Plaintiff could also perform other jobs that the VE testified exist in significant numbers in the national economy, such as a laundry folder, an inspector hand packager, and a small parts assembler (Tr. 27-28). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 29).

**II.**

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a).

Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (citation omitted).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted).  The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

### III.

Plaintiff argues that the ALJ erred by (1) failing to properly evaluate Plaintiff's subjective complaints of pain, and (2) finding Plaintiff's PTSD and anxiety were non-severe impairments.  For the following reasons, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

**A.   Subjective Complaints**

Plaintiff contends that the ALJ erred by rejecting his subjective complaints of pain from his back and his headaches.  As an initial matter, Plaintiff's subjective complaints will not alone establish disability. 20 C.F.R. § 404.1529(a).  Plaintiff has

the burden of providing sufficient evidence to support allegations of disabling pain or other symptoms.  20 C.F.R. § 404.1529(a).

To establish a disability based on testimony of pain and other symptoms, the claimant must show evidence of an underlying medical condition and either (1) objective medical evidence confirming the severity of the alleged symptoms or (2) that the objectively determined medical condition can reasonably be expected to give rise to the alleged symptoms.  *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also* 20 C.F.R. § 404.1529; SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). If a claimant shows an underlying mental or physical impairment that could reasonably expected to produce the alleged subjective complaints, the ALJ "must evaluate the intensity and persistence" of those symptoms affect the claimant's ability to do work.  20 C.F.R. § 404.1529(c). In considering a claimant's subjective complaints, the ALJ may consider whether any inconsistencies exist in the evidence and the extent to which any conflicts exist between a claimant's statements and the rest of the evidence.  20 C.F.R. § 404.1529(c)(4).

If the ALJ discounts Plaintiff's testimony about subjective complaints after finding a medically determinable impairment that could reasonably be expected to produce the claimant's pain or other symptoms, he must "articulate explicit and adequate reasons" for doing so.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (per curiam)).  A reviewing court will not disturb a clearly articulated credibility

finding regarding a claimant's subjective complaints supported by substantial evidence in the record.  *Foote*, 67 F.3d at 1562 (citation omitted).

The ALJ properly discounted Plaintiff's subjective complaints about his back pain and headaches, and the ALJ's conclusion is supported by substantial evidence. The ALJ stated that Plaintiff's medically determinable impairments can reasonably be expected to cause his claimed symptoms, yet the intensity and persistence of Plaintiff's symptoms as he alleges them are inconsistent with medical evidence in the record (Tr. 22).  The ALJ found that Plaintiff's statements about his impairments were not supported by his medical records and other evidence in the record (Tr. 22).

First, the ALJ properly discounted Plaintiff's subjective complaints about his back pain.  At the hearing, Plaintiff testified he could maybe stand for 15 to 20 minutes without using a cane, can stand for 30 to 45 minutes with the cane, and would need a 30-minute break to lay down after sitting for an hour (Tr. 36-37). Although Plaintiff contends the medical records supports his subjective complaints about his back pain, including the need to use a cane, the medical records do not support Plaintiff's assertions.

As the ALJ noted, the medical records often showed normal gait, normal balance/stance, and no mobility limitations (*See* Tr. 23-24, 514, 527-28, 607-08, 637-38, 648).  In July 2019, the latest doctor's visit in the record, Plaintiff complained of back pain, which was noted by the doctor, but even though Plaintiff showed limited range of motion in the thoracolumbar spine, Plaintiff demonstrated full range of motion in his lumbar/lumbosacral spine (Tr. 671).  As the ALJ noted, Plaintiff

8

experienced back pain but the records, including images, showed Plaintiff's symptoms had been stable (*See* Tr. 24, 677-78). Also, as the ALJ noted, despite Plaintiff stating that he needed to use a cane, doctors often noted Plaintiff ambulated independently without the use of assistive devices (*See* Tr. 24, 514, 527-28, 607-08). The ALJ properly considered Plaintiff's back pain and included more precautionary limitations in the RFC.

Second, the ALJ properly discounted Plaintiff's subjective complaints about his headaches. At the hearing, Plaintiff testified that he gets headaches daily that last about 1.5 to 2 hours (Tr. 41). Plaintiff testified that to relieve his headaches he takes medication and tries to lay down (Tr. 41). Plaintiff testified that he has trouble concentrating because of his headaches (Tr. 39-40). Although Plaintiff contends the medical records support his subjective complaints that his headaches impact his ability to work, the medical records do not support Plaintiff's assertions.

As the ALJ noted, Plaintiff was not regularly treated for headaches (Tr. 24). In March 2018, Plaintiff's primary doctor added a new medication for Plaintiff to help with his headaches (Tr. 532-34). Despite Plaintiff saying that he had a headache and sought new medication, the physical exam did not indicate the headaches were causing him any acute distress or discomfort (*See* Tr. 533). In March 2019, at Plaintiff's initial appointment for a sleep study, Plaintiff stated that he had a headache but he was not in acute distress and had unremarkable physical findings (Tr. 575-79). At other doctor's visits, although Plaintiff's history of headaches was noted, Plaintiff did not receive routine treatment for his headaches

nor was there any physical findings noted about his headaches (*See* Tr. 566-67, 601-03, 611, 670-71).

As for Plaintiff's treatment regimen for his headaches, the ALJ highlighted the fact that Plaintiff's subjective complaints were inconsistent with the type of treatment Plaintiff received, noting that Plaintiff responded well to conservative treatment—prescription medication (Tr. 21).  Such conservative treatment for Plaintiff's headaches supports the ALJ's finding that Plaintiff's subjective complaints were not as severe as alleged and did not support a finding of disability. *See Sheldon v. Astrue*, 268 F. App'x 871, 872 (11th Cir. 2008)[2] ("A doctor's conservative medical treatment for a particular condition tends to negate a claim of disability."); *see also Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (finding that the ALJ did not err in relying on the plaintiff's conservative treatment to discredit the plaintiff's subjective complaints about his nonexertional impairments).

Finally, the ALJ properly considered Plaintiff's full-time work, although below presumptive threshold for substantial earnings, between Plaintiff's alleged onset date, August 24, 2018 through December 2018 (Tr. 17-18, 23, 24).  *See, e.g.*, *Wolfe*, 86 F.3d at 1078 (noting that any work that a claimant performs during any period in which the claimant alleges disability, even if the work does not rise to the level of substantial gainful activity, may demonstrate that the claimant maintains

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority.  11th Cir. R. 36-2.

the ability to perform work at the substantial gainful activity level); 20 C.F.R. § 404.1571.

The ALJ articulated explicit and adequate reasons for finding Plaintiff's subjective complaints about his headaches and back pain as not entirely consistent with the record. Thus, the ALJ applied the proper legal standard, and the decision is supported by substantial evidence.

### B.     Severity of Impairments

Plaintiff contends that the record does not support the ALJ's finding that Plaintiff's PTSD and anxiety were non-severe impairments. Although the ALJ found multiple severe impairments at step two and that the finding of *any* severe impairment at step two is sufficient to satisfy the threshold inquiry, the undersigned finds that substantial evidence supports the ALJ's finding that Plaintiff's PTSD and anxiety are non-severe impairments. Step two of the sequential evaluation process operates as a threshold inquiry. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 853 (11th Cir. 2013) (per curiam). At step two, a claimant must show that he or she suffers from an impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1521. A claimant need show only that his or her impairment is not so slight and its effect is not so minimal that it would clearly not be expected to interfere with his or her ability to work. *McDaniel*, 800 F.2d at 1031; *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984) (per curiam). "[T]he 'severity' of a

medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). In other words, an impairment or combination of impairments is not considered severe where it does not significantly limit the claimant's physical or mental ability to perform basic work activities. *Turner v. Comm'r of Soc. Sec.*, 182 F. App'x 946, 948 (11th Cir. 2006) (per curiam) (citations omitted); 20 C.F.R. § 404.1521.

Here, in evaluating Plaintiff's mental conditions, the ALJ used the psychiatric review technique ("PRT") to rate Plaintiff's degree of limitation in the four broad functional areas of the paragraph B criteria used in evaluating mental disorders under the Listing of Impairments (Tr. 19-20). The ALJ rated Plaintiff as having mild limitations in understanding, remembering, or applying information; in interacting with others; in concentrating, persisting or maintaining pace; and in adapting or managing oneself (Tr. 19). Thus, the ALJ determined Plaintiff's PTSD and anxiety were non-severe impairments (Tr. 19-20).[3] Plaintiff disagrees with the ALJ's finding that Plaintiff had merely mild limitations in interacting with others and in concentrating, persisting, or maintaining pace. Specifically, Plaintiff contends that ALJ did not adequately consider Plaintiff's PTSD, depressed mood,

---

[3] The ALJ reviewed Plaintiff's involuntary in-patient treatment in 2016 (Tr. 19 (citing Tr. 455-62)). The ALJ properly noted that this mental health treatment was outside the period at issue and does not accurately reflect Plaintiff's conditions, which include normal mental health findings, since the alleged onset date (Tr. 22).

12

his difficulty in getting along with others, and his preference to avoid social interaction. However, substantial evidence supports the ALJ's decision.

Plaintiff did not meet his burden of proving that he has a mental impairment. As an initial matter, the fact that Plaintiff was diagnosed with PTSD and anxiety and prescribed medication does not lead to a finding that Plaintiff is limited by his mental impairments in his ability to work. *See Smith v. Comm'r of Soc. Sec.*, 501 F. App'x 875, 879 (11th Cir. 2012) (concluding that, though the record indicated a history of anxiety and depression for which the claimant was prescribed medication, nothing in the record indicated that the claimant experienced any effects from the mental impairments that could be expected to interfere with her ability to work).

Substantial evidence also supports the ALJ's finding that Plaintiff merely had mild limitations in the functional area of interacting with others, which measures his ability to "relate to and work with supervisors, co-workers, and the public." 20 C.F.R. Pt. 404, Subpart P, App'x 1, § 12.00E(2). In his "Function Report," Plaintiff stated that although he is less social than he used to be, he spends time with others including going to church on Sunday and to the grocery store with his family (Tr. 234). Plaintiff also explained that he can go out alone and drive himself to go shopping in stores for clothes and household items (Tr. 232-33). Although Plaintiff explained that he was fired from a prior job, it was not because of his ability to interact with others (Tr. 236).

The ALJ also properly considered Plaintiff's medical records. Although the medical records indicate diagnoses of mental impairments, the medical records do

not support Plaintiff's contention that he had at least moderate limitations in interacting with others. As the ALJ correctly addressed, even though Plaintiff had a depressed mood at two doctor's visits in November and December 2018, Plaintiff had normal affect, no signs of instability, and was properly alert at those same appointments (Tr. 569-71, 665-66). At the December 2018 appointment, the doctor also noted that despite having depressed mood and congruent with mood affect, Plaintiff was cooperative, had no decreased eye-contact, and was stable (Tr. 666). Despite those two reports of depressed mood, doctors more often noted that Plaintiff appeared properly alert and comfortable, had normal and appropriate mood and affect, and was not in any acute distress (*See* Tr. 383-84, 566, 578, 602, 637-38, 647-48, 671). Thus, substantial evidence supports the ALJ's decision finding Plaintiff had mild limitation in interacting with others.

Substantial evidence also supports the ALJ's finding that Plaintiff merely had mild limitations in the functional area of concentrating, persisting, or maintain pace, which measures his ability to "focus on work activities and stay on task as a sustained rate." 20 C.F.R. Pt. 404, Subpart P, App'x 1, § 12.00E(3). Although in his "Function Report," Plaintiff stated that he was fired from a job because he couldn't focus, Plaintiff testified at the hearing that he was a full-time student (Tr. 38, 236). At the hearing, Plaintiff testified that his mental impairments do not affect his ability to concentrate on his schoolwork (Tr. 38-39). Although Plaintiff explained that he could not take more than one or two classes if he took classes in

14

person because of his physical impairments, Plaintiff testified that he was taking a full course load of online courses and got good grades (Tr. 41).

The ALJ also properly considered Plaintiff's medical records.  Although the medical records indicate diagnoses of mental impairments, the medical records do not support Plaintiff's contention that he had at least moderate limitations in concentrating, persisting, or maintaining pace.  Throughout the medical records, doctors noted that Plaintiff was properly alert and oriented (*See* Tr. 383-84, 566, 578, 602, 637-38, 647-48, 671).  At Plaintiff's December 2018 appointment for his PTSD, the doctor noted that Plaintiff was alert and properly oriented; Plaintiff's memory, remote memory, recent memory, and judgment was not impaired; Plaintiff's thought process was linear, logical, goal-directed, and not impaired; and Plaintiff's thought content showed intact insight (Tr. 666).  Also, the doctor noted that Plaintiff's attention showed no abnormalities and his attention span was not decreased (Tr. 666).  Therefore, substantial evidence supports the ALJ's decision finding Plaintiff had mild limitation in concentrating, persisting, or maintaining pace.

Additionally, even if the ALJ did err—which he did not—in finding Plaintiff's PTSD and anxiety to be non-severe, such error is harmless since the ALJ found other severe impairments at step two and considered all impairments at the later steps of the sequential evaluation.  *See Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010) (per curiam) (noting that an ALJ's failure to identify an impairment as severe, where the ALJ found that the plaintiff suffered from at

least one severe impairment, constituted harmless error and was, in fact, sufficient to meet the requirements of step two, and additionally noting that nothing requires the ALJ to identify, at step two, all of the impairments that could be considered severe).  However, because substantial evidence supports the ALJ's finding that Plaintiff's PTSD and anxiety were non-severe impairments, the undersigned need not address the harmless error analysis.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 21st day of September, 2021.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record